YIANG KUAN WU, a.k.a. Yong Kwan Jeong, a.k.a. Ying Quan Wu, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 03–40987–ag.

United States Court of Appeals, Second Circuit.

June 29, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Lisa A. Hirsch, Assistant United States Attorney for the Southern District of Florida, R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Sally M. Richardson, Assistant United States Attorney for the Southern District of Florida, Miami, FL, for Respondent.

Present: ROSEMARY S. POOLER, RICHARD C. WESLEY and PAUL R. MICHEL,[1] Circuit Judges.

**1.** The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

## SUMMARY ORDER

Yiang Kuan Wu, a native and resident of China, petitions for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case. We have considered the parties' filings, including respondent's Rule 28(j) letter filed on June 19, 2006.

Where the BIA agrees with the Immigration Judge (IJ)'s conclusion "that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of the decision ... we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Here, the IJ based the denial of petitioner's asylum, withholding, and CAT claims on an adverse credibility determination and the failure to provide corroboration of his wife's medical condition. For the reasons discussed below, we find that the IJ's decision was not supported by substantial evidence.

First, the IJ does not explain how petitioner's claim is inconsistent with the country conditions report, and does not discuss other background information in the record supporting petitioner's claim of forced sterilization. While the IJ is entitled to consider the country conditions report, he is also obligated to consider countervailing evidence and explain why he credits one over the other. *See Cao He*

*Lin v. U.S. Dept. of Justice,* 428 F.3d 391, 403 (2d Cir.2005). Because the IJ did not do so, his reference to the country conditions report cannot be used to support the adverse credibility finding.

■ Second, the IJ made speculative assertions that petitioner's wife could not have ongoing urinary tract infections that would have prevented IUD insertion, sterilization, and abortions, but not childbirth. The IJ had no basis—in the record or case law—to evaluate whether or not this was plausible. In *Diallo,* we held that for the agency to deny a claim based on a failure to corroborate, "it should explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." 232 F.3d at 290.

Regarding the first part of the *Diallo* test, the IJ did not sufficiently explain why this corroboration was necessary. Even if petitioner's wife's condition was not as debilitating as petitioner claimed, that alone would not necessarily doom petitioner's case. For instance, Chinese authorities could have wanted to sterilize petitioner even if it would have been medically possible to sterilize his wife. Regarding the second prong of *Diallo,* the letter from the United States doctor addressed the main concern expressed by the IJ, which was that a 15-year urinary tract infection was implausible and would not prevent sterilization. The IJ appears to have believed the letter's contents, yet expressed the sentiment that it was not relevant: when petitioner's attorney suggested getting documentation from a United States doctor that such a condition is possible, the IJ responded "I don't want that because I can't fathom that." This remark implies that the IJ had already made up his mind about this medical issue. Moreover, the IJ

was supposed to explain why the petitioner's proffered explanations for the lack of such corroboration were insufficient. This was not done here, and the IJ misstated the record in finding that there was no corroboration of this aspect of the claim.

Although other reasons for denying relief were given, this lack of corroboration was the central reason for the IJ's negative credibility finding. Regarding the discrepancies unrelated to the medical corroboration issue, the IJ commented, "[t]his [petitioner's confusion about dates] *is a minor point.* The applicant has been in the United States now for more than 10 years and it is possible that it is difficult to remember some of these events that happened such a long time ago." (emphasis added). The IJ then explained, "[w]hat the Court found to be implausible is that the Chinese government is unable to sterilize his wife. The application explained it's because his wife had an urinary infection. According to him, that urinary infection has continued for the past 15 years and it's this illness that has prevented her from being sterilized."

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).